**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CHALMERS LAVETTE HENDRICKS, a/k/a
Champ,

            *Defendant-Appellant.*

No. 01-7261

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Terrence W. Boyle, Chief District Judge.
(CR-94-30, CA-99-94-V)

Submitted: January 28, 2002

Decided: February 28, 2002

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Chalmers Lavette Hendricks, Appellant Pro Se. Brian Lee Whisler,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

# OPINION

PER CURIAM:

Chalmers Lavette Hendricks seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001).

Hendricks first contends that his conviction and sentence implicate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Hendricks is precluded from raising an *Apprendi* issue on collateral review. *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001).

Hendricks further asserts that his counsel was ineffective for failing to object to testimony regarding the existence of fingerprint cards, created when Hendricks was processed into the North Carolina Department of Corrections, elicited by Hendricks' co-defendant's counsel during the cross examination of an agent of the Bureau of Alcohol, Tobacco and Firearms (BATF). We reject this claim because no prejudice flowed from the admission of this evidence. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Previously admitted testimony established Hendricks' prior felony convictions for possession with intent to distribute cocaine. The BATF agent's testimony only disclosed that the fingerprint cards existed as the result of Hendricks' prior imprisonment by the Department of Corrections. The testimony did not reveal the bad acts that resulted in these periods of incarceration. Thus, Hendricks has not met his burden of establishing prejudice. *Hutchins v. Garrison*, 724 F.2d 1425, 1431 (4th Cir. 1983).

We accordingly deny Hendricks' motion for a certificate of appealability and dismiss Hendricks' appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*